UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE VALDEZ WEBSTER,     Case No. 25-11772

        Plaintiff,    Matthew F. Leitman
v.            United States District Judge

DELTA AIR LINES, INC.,      Curtis Ivy, Jr.
            United States Magistrate Judge

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO DEMAND
A JURY TRIAL (ECF No. 24)**

When the Court filed the Case Management Order on December 8, 2025,

(ECF No. 23), it directed the parties to meet-and-confer on Plaintiff's untimely

jury demand in an effort to resolve the matter without the Court's involvement.  In

turn, the Court instructed the parties to file a joint stipulation no later than

December 22, 2025, if they could reach an agreement; if the parties could not come

to an agreement, the Court stated that Plaintiff had to file the appropriate motion no

later than January 5, 2026.  (*Id.* at 72–73).

On December 18, 2025, Plaintiff filed a *Motion for Leave to Demand Jury*

*Trial Pursuant to Fed. R. Civ. P. 39(b)* (ECF No. 24).  There, Plaintiff admits that

he did not file a timely jury demand as required under Fed. R. Civ. P. 38(b).  Even

so, Plaintiff contends that his failure to do so was "inadvertent and not the result of bad faith strategic delay, or gamesmanship." (*Id.* at PageID.77).  Furthermore, he contends that permitting him to make that demand now would not have an adverse effect on Defendant or the case generally.  (*Id.* at PageID.77–48).

The Court sees no reason to wait for full briefing to resolve this motion. Plaintiff's motion is **GRANTED**.

When a party has a right to a jury trial under the Seventh Amendment, that party must demand one, in writing, no later than 14 days after the last pleading directed to the issue is served.  Fed. R. Civ. P. 38(b).  A party waives this right when he does not timely file a jury demand.  *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990); Fed. R. Civ. P. 38(d).  That said, litigants in federal court are not without an avenue for relief should they fail to strictly comport with Rule 38.  Under Fed. R. Civ. 39(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

"'A district court has broad discretion in ruling on a Rule 39(b) motion.' Moreover, the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." *Moody*, 915 F.2d at 207 (quoting *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004, 1013 (6th Cir, 1987)); *see also Thompson v. Fritsch*, 172 F.R.D. 269, 270 (E.D. Mich. 1997)

("The Sixth Circuit has adopted the more liberal approach of granting Rule 39(b) motions in the absence of strong and compelling reasons to the contrary."). And as one leading treatise recognizes, "technical insistence upon imposing a penalty for failing to follow the demand procedure by denying a jury trial is not the spirit of the Federal Rules[.]" 9 Wright and Miller's Federal Practice and Procedure § 2334 (4th ed. Sept. 2025 Update).

Though Defendant has not filed brief in opposition, there is no conceivable compelling reason for denying Plaintiff's motion. Discovery is not set to close until July 21, 2026, and there is no set date for trial. (ECF No. 23). Plaintiff also signaled his desire for a jury trial in his proposed discovery plan. (ECF No. 22). As discovery has only just begun, Defendant will not be prejudiced if the Court grants Plaintiff's motion. Indeed, the Sixth Circuit previously affirmed a district court's order granting a motion to file a late jury demand just before trial where the reason for the delay was mere inadvertence. *See Kitchen*, 825 F.2d at 1013; *see also Thompson*, 172 F.R.D. at 270 (granting a Rule 39(b) motion when plaintiff filed a motion for a jury trial six weeks prior to discovery). A similar outcome is warranted in this case.

In short, Plaintiff's *Motion for Leave to Demand Jury Trial Pursuant to Fed. R. Civ. P. 39(b)* (ECF No. 24) is **GRANTED**. All issues triable by a jury here will

3

therefore be tried before a jury.  Plaintiff must file his jury demand **on or before**

**December 29, 2025**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are

required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as

error any defect in this Order to which timely objection was not made.  Fed. R.

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection.  When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.


Date: December 19, 2025                    s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the
parties and/or counsel of record on the December 19, 2025, by electronic means
and/or ordinary mail.

                                           s/Sara Krause
                                           Case Manager
                                           (810) 341-7850